### In re SHADOW BAY APARTMENTS, LTD., Debtor.

### Bankruptcy No. 2–90–00434.

United States Bankruptcy Court, S.D. Ohio, E.D.

April 15, 1993.

See also, 130 B.R. 509.

Thirteenth Annual Bankruptcy Litigation Institute, Prentice Hall Law & Business (1992).

**364**

Thomas I. Blackburn, John Andrew Merkle, Buckley, King & Bluso, Columbus, OH, for debtor.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, OH.

William B. Logan, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, for First Federal Sav. Bank, Marianna, FL.

Carol Stebbins, Gen. Counsel, Cardinal Realty Services, Inc., Reynoldsburg, OH, Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, for Cardinal Realty Services, Inc.

### OPINION AND ORDER DENYING CONFIRMATION OF CHAPTER 11 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

Shadow Bay Apartments, Ltd. ("Shadow Bay") has requested the Court to confirm its First Amended Plan of Reorganization ("Plan"). Although no objections were

filed to the Plan, the Court has a mandatory duty under 11 U.S.C. § 1129 to ensure that all elements of confirmation have been met. For the reasons which follow, the Court finds that the Plan proposed by Shadow Bay cannot be confirmed.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) which this bankruptcy judge may hear and determine.

### I. Facts

Shadow Bay is a Florida limited partnership which owns real property located in Duval County, Florida, upon which a fifty-three unit apartment complex has been built. Cardinal Industries of Florida ("CIF")[1] is the managing general partner of Shadow Bay and Marimar Properties, Inc. ("Marimar") is a co-general partner. Shadow Bay also sold an unspecified number of limited partnership units to outside investors.

First Federal Savings Bank of Marianna, Florida ("First Federal of Marianna"), successor in interest to First Federal Savings & Loan of Russell County, is the present holder of a note executed by Shadow Bay. Repayment of that note is secured by a mortgage against Shadow Bay's real property, an assignment of rents, and a security interest in personal property. First Federal of Marianna consents to its treatment under the Plan and supports confirmation.

All classes of claims voted to accept the Plan proposed by Shadow Bay. The Plan also contained three separate classes of equity interests. One such class in which CIF is the only member voted to accept the Plan. Another equity class, composed of limited partners, also voted to accept the Plan. The third equity class, which contains only the interest of Marimar, the co-general partner, did not cast a ballot. Marimar's interest is impaired under the Plan. (First Amended Plan of Reorganization § 2.08)

---

**1.** CIF, along with 33 corporate affiliates obtained confirmation of its Chapter 11 plan and emerged from bankruptcy in September 1992.

The Court held a confirmation hearing on March 15, 1993. Based upon the evidence taken at that hearing, the Court finds that all requirements of 11 U.S.C. § 1129(a) have been met except subsection (8) which requires that each impaired class of claims or interests accept the plan. Shadow Bay chose to proceed under 11 U.S.C. § 1129(b) with respect to the nonaccepting class of interests held by Marimar.

## II. *Discussion*

■■■ Although Marimar did not object to Shadow Bay's Plan, the Court must determine independently whether a Chapter 11 plan meets all requirements for confirmation. Further, the plan proponent bears the burden of proof on all elements necessary for confirmation. *In re Future Energy Corporation*, 83 B.R. 470, 481 (Bankr. S.D.Ohio 1988).

Section 1129(b) sets forth the standards under which a court may confirm a Chapter 11 plan without acceptance by each impaired class. Subsection (1) requires that the plan not "discriminate unfairly and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." Subsection (2) further delineates what constitutes "fair and equitable," but is silent with respect to unfair discrimination. Because Marimar, an impaired interest holder under the Plan, did not accept the Plan, the Court must determine whether the evidence presented by Shadow Bay demonstrates that its Plan does not discriminate unfairly and is fair and equitable with respect to Marimar's interest.

### A. *The Plan Provisions*

The Plan provides that Marimar retain its general partner interest in Shadow Bay only if it makes a "cash contribution of $1,558.00 of capital" to Shadow Bay. If Marimar does not elect to contribute, the Plan provides that Marimar forfeits its general partner interest in Shadow Bay. (First Amended Plan of Reorganization § 5.03)

The Plan separately classifies the equity interest of CIF, the managing general partner of Shadow Bay, and provides somewhat different treatment for CIF's interest than that of Marimar. The Plan provides that CIF will contribute $1,904 to maintain its general partner interest in Shadow Bay. This contribution, however, "shall be offset by a corresponding amount of the CII [Cardinal Industries, Ind.] Claim for Administrative Expenses for services provided in connection with the case." (First Amended Plan of Reorganization § 5.03) The disclosure statement which accompanied the Plan explains that CII on behalf of CIF will seek Court approval of this administrative expense. The Plan presumes that this offset will occur and contains no alternative provisions. Further, there is no forfeiture provision of CIF's interest if the offset does not occur and the capital contribution is not made.

### B. *The Evidence Presented*

■ Shadow Bay presented evidence that no holder of an interest junior to that of Marimar would receive or retain any property on account of such interest. 11 U.S.C. § 1129(b)(2)(C)(ii). There are no interest holders junior to Marimar. The Court believes that Shadow Bay intended this evidence to suffice under 11 U.S.C. § 1129(b). By the terms of § 1129(b), that evidence, however, only relates to whether the treatment of Marimar's interest is "fair and equitable." The requirement that the Plan not unfairly discriminate against Marimar's interest is separate and distinct. *See In re Montgomery Court Apartments of Ingham County, Ltd.*, 141 B.R. 324, 347 (Bankr.S.D.Ohio 1992).

The phrase "unfair discrimination" has been subject to various interpretations. *See, Future Energy*, 83 B.R. at 492–493. The Court, however, need not specifically determine what "unfair discrimination" means in every instance. In this case, the Court need only determine if Shadow Bay presented sufficient evidence to sustain its burden of showing that its Plan does not unfairly discriminate against Marimar as required by 11 U.S.C. § 1129(b)(1).

■ Shadow Bay did not present any evidence and little argument relating to the "unfair discrimination" element of 11 U.S.C. § 1129(b)(1). The Court believes,

however, that such evidence is relevant as it relates to the treatment of CIF's interest and Marimar's interest. Each holds a general partner interest in Shadow Bay, but the treatment of each interest is patently different under the Plan. Arguably, the Plan appears to discriminate unfairly against Marimar's general partner interest because Marimar has forfeited its interest for failure to make the required cash contribution. CIF faced no such forfeiture provision, however.

CIF, despite the lack of a cash contribution, has apparently retained its general partner interest in Shadow Bay. Even though the Plan provided that CIF's contribution would be offset against a requested administrative expense, no such request has been made by either CII or CIF. Further, neither CII nor CIF presented any evidence at Shadow Bay's confirmation hearing to support CII's or CIF's entitlement to an administrative expense in this Chapter 11 case. The Court finds that Shadow Bay has not established that its Plan does not discriminate unfairly against Marimar's general partner interest.

It is Shadow Bay's burden to establish that its Plan meets all requisites for confirmation. If the evidence fails to establish the necessary elements, the Plan cannot be confirmed. Shadow Bay has failed to establish that its treatment of Marimar's general partner interest satisfies the prohibition against unfair discrimination. Accordingly, confirmation of the Plan proposed by Shadow Bay is DENIED.

### III. *Conclusion*

The Court has an obligation to ensure that a proposed Chapter 11 plan meets all requirements for confirmation under 11 U.S.C. § 1129. This obligation exists independent of any objections to confirmation. If an impaired class of claims or interests fails to accept the plan, the debtor has the burden to show that the plan is fair and equitable and does not unfairly discriminate with respect to each nonaccepting class. 11 U.S.C. § 1129(b)(1).

Shadow Bay failed to carry that burden and failed to show that the Plan does not unfairly discriminate against the general partner interest held by Marimar. The Court is unable to determine from the evidence presented by Shadow Bay whether such unfair discrimination exists. Under these circumstances, confirmation of the Plan proposed by Shadow Bay must be and the same is hereby DENIED. Shadow Bay has twenty (20) days to amend its plan or to take whatever other action it deems appropriate.

IT IS SO ORDERED.